The Honorable Ralph "Buddy" Blair State Representative 7415 Oxford Fort Smith, Arkansas 72903
Dear Representative Blair:
This is in response to your request for an opinion on the following question:
 The State of Arkansas is requiring home schooled children to take a different standardized achievement test than children in public schools. Is it legal for children in `home schools' to be tested on a standard different from children in public schools?
It is my opinion that the answer to your question is "yes."
The relevant statutes require home schooled students between the ages of seven and fourteen to take annually a nationally recognized standardized achievement test. A.C.A. § 6-15-503(2) (Cum. Supp. 1992). The specific test given to a particular student is chosen by that student's parents from a list of such tests provided by the Department of Education. Id. It is my understanding that currently, this list includes two nationally recognized tests, neither of which is the test given to public school students. Public school students are required to submit to the testing set out at A.C.A. § 6-15-407 and -408. This testing, which is not done at every grade level, is developed by the Department of Education with the consultation of public school classroom teachers. A.C.A. § 6-15-407.
All students, including both home schooled students and public school students who are fourteen years of age must take the same minimum performance test to be promoted to the ninth grade. I assume therefore that your question refers to home schooled students who are less than fourteen years of age, and who take one of the two nationally recognized standardized achievement tests now on the list of the Department of Education, which tests are distinct from those given public school students in the same age group.
Your question implicitly challenges the giving of different tests on constitutional "equal protection" grounds, and inquires as to whether the disparate treatment of home schooled student and public school students with regard to testing is constitutional. It is my opinion that it is.
We know from the case of Murphy v. State, 852 F.2d 1039 (8th Cir. 1988) (a case upholding the constitutionality of the statutes in question including the testing requirements) that the proper constitutional test to be employed in an equal protection challenge in this context is the "rational basis" test. Under this test, a court "will uphold any classification based `upon [any] state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy. . . .'"Id. at 1044, citing Allied Stores v. Bowers, 358 U.S. 522
(1959). This is an extremely lenient test, and statutes are rarely struck down under it.
It is my opinion that the requirement of an annual nationally recognized standardized achievement test for home schooled students to monitor their progress, while public school students are administered a different test, is constitutional. A rational basis exists for testing public school students on what they have been taught in the public schools. This is why the tests they take are developed with the input of public school classroom teachers. Such tests would be inappropriate, however, for students who are schooled at home. Additionally, it would be virtually impossible for the state to develop a special test for each home schooled student which would be geared to the curriculum taught that particular student. A nationally recognized standardized test is therefore what is given. The court in Murphy noted that "[t]he state's only safeguard to ensure adequate training of the home-schooled student is the standardized achievement test. Even regarding this test, the state allows wide latitude to the parents. The parent may choose a test administered from a list of nationally recognized standard achievement test and may be present while the test is administered." 852 F.2d at 1042-43.
It is therefore my opinion that the different tests administered to home school students are supported by a rational basis and are therefore constitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh